PRICE *v.* KOBACKER FURNITURE CO.

*Limitation of actions—Commencing action within year after failing upon merits—Section 11233, General Code—Inapplicable to error proceedings—New action cannot be commenced within year after judgment affirmed—Libel and slander—Section 11225, General Code—Pleading—Insufficient allegations as to date of failure upon counterclaim.*

1. Section 11233, General Code, providing for commencement of new action if plaintiff fails otherwise than upon merits within a year after such failure, has no application to proceeding in error.

2. Section 11233, General Code, providing for commencement of new action if plaintiff fails otherwise than upon the merits within a year after such failure, does not give right to person who fails in trial court otherwise than upon merits a year after affirmance of judgment of trial court within which to commence new action.

3. Where petition showed on its face that cause of action for libel and slander was barred by Section 11225, General

Code, allegation that suit had been previously brought on same cause of action by setting it up as counterclaim, and that counterclaim was disposed of otherwise than upon merits, and final judgment to that effect was entered in Supreme Court in March, 1926, without giving date of plaintiff's failure otherwise than upon merits in trial court, did not excuse lapse of time so that new action could be maintained under Section 11233 within year from such failure.

4. Petition in action for libel and slander, showing upon its face that it was barred by Section 11225, General Code, there being no proper allegation therein to excuse lapse of time, was demurrable.

(Decided January 24, 1927.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Ritter & Brumback,* for plaintiff in error.
*Messrs. Tyler, McMahon, Smith & Wilson,* for defendant in error.

WILLIAMS, J.  The action in the court below was one for libel and slander, and after the plaintiff, Charles H. Price, had filed his second amended petition, a motion of the defendant, the Kobacker Furniture Company, to strike certain matter from the second amended petition, was sustained. The result was that little was left of that pleading but the prayer. After the motion had been sustained, the plaintiff not desiring to plead further, a final judgment was entered in favor of the defendant. This proceeding in error is brought to reverse that judgment, and the error relied upon is the action of the court below in striking from the second amended petition the matter referred to.

We think the action of the court was erroneous as to much of the matter stricken out, but the

error committed would not be prejudicial to the plaintiff if the second amended petition did not state a cause of action. An action for libel or slander, under the provisions of Section 11225, General Code, is barred by lapse of time unless brought within one year after the cause of action accrued. The second amended petition shows on its face that the alleged slander and libel was uttered and published "some time in the month of May or June, 1924." The action below was commenced May 1, 1926. The second amended petition therefore shows upon its face that the cause of action is barred by the statute of limitations unless other allegations are incorporated therein which in the eye of the law excuse the delay. The pleading does contain allegations to the effect that suit had been previously brought on the same cause of action by setting it up as a counterclaim in an action previously brought in the court below by the defendant against the plaintiff. Then, with reference to such counterclaim, the pleading contains the following:

"Proceedings were thereafter had in connection with said case in the municipal and the common pleas court and the court of appeals of Lucas county and the Supreme Court of Ohio in such wise and manner that said counterclaim of this plaintiff was disposed of otherwise than upon the merits and was dismissed at plaintiff's costs and final judgment to that effect entered against this plaintiff in the Supreme Court thereon in the month of March, 1926."

There is no allegation therein showing the time when the counterclaim was disposed of otherwise than upon its merits in the court of common pleas,

nor in any court except the Supreme Court. Manifestly, any disposition made of it in the Court of Appeals must have been in a proceeding in error, which is a new action, and in the Supreme Court either in a proceeding in error or upon a motion to certify the record to that court for disposition.

Section 11233, General Code, provides as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date, and this provision applies to any claim asserted in any pleading by a defendant."

This section has no application to a proceeding in error. *Atcherly* v. *Dickinson,* 34 Ohio St., 537.

The plaintiff had the right to commence a new action upon the cause of action set out in the counterclaim within one year from the date of the failure otherwise than upon the merits, provided the time limited for the commencement of an action had expired at the date of such failure. The date of failure otherwise than upon the merits would be the date of that failure in the court of common pleas. The statute gives to one who obtains a judgment, which is afterwards reversed, the right to begin a new action within a year from the time of the reversal, but the statute does not give a right to a person who fails in the trial court otherwise than upon the merits a year after the affirmance of the judgment of the trial court within which to

commence a new action. Manifestly the allegation quoted does not excuse the lapse of time, because the second amended petition does not set out the date on which the plaintiff failed otherwise than upon the merits upon the counterclaim in the previous action in the trial court.

As the petition showed upon its face that it was barred by the statute of limitations, and there was no proper allegation therein to excuse the lapse of time, the petition was demurrable. It follows that the court below did not err in sustaining the motion to strike out.

*Judgment affirmed.*

CULBERT and RICHARDS, JJ., concur.