**COLELLO, Plaintiff-Appellant, v. BATES et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1027. Decided June 24, 1950.

Robert E. Hall, R. N. Larrimer, Columbus, C. L. Hawthorne, Steubenville, for plaintiff-appellant.

Hugo Alexander and Carl F. Allebaugh, Steubenville, for defendants-appellees.

# 250

**OPINION**

By PHILLIPS, PJ.

In this opinion plaintiff in the court of common pleas will be called plaintiff, and defendants there Robert D. Bates, a former sheriff of Jefferson County, and The Home Indemnity Company, a New York corporation, will be called defendant sheriff and defendant corporation respectively.

Defendant corporation issued a bond on defendant sheriff indemnifying any person, or persons, firms or corporations, against loss or damage occurring to them, or any of them, by reason of his misfeasance or malfeasance in office while acting as sheriff of Jefferson county.

Plaintiff, the widow of Dominic Colello, an employee of the Wheeling Steel Corporation, appealed to the court of common pleas of Jefferson county from a ruling of the Industrial Commission of Ohio denying her compensation claimed due to her as the result of the injury and death of her husband while employed by such corporation in Jefferson County, Ohio.

In that action, numbered 34531 on the docket of the court of common pleas, plaintiff duly filed a praecipe with her petition. The clerk of that court issued a summons directed to defendant sheriff, which was returned showing service made on the managing agent of Wheeling Steel Corporation, defendant in that case, on July 13, 1942, by Thomas Montgomery, then deputy sheriff of that county. Thomas Montgomery testified in the case we review that no service was made in common pleas case number 34531 upon such managing agent, but that such service was made upon the chief clerk of that corporation.

In appeal numbered 1001 on the docket of this court the judgment entered in case number 34531 in the court of common pleas sustaining a demurrer to plaintiff's reply was affirmed on July 15, 1947.

On April 22, 1947, plaintiff sued defendants in the court of common pleas of Jefferson county in case numbered 38102 on the docket of that court (which is the case we review) to recover a money judgment against defendants, which action was based upon the misfeasance and malfeasance of defendant Bates in making a false and fraudulent return of summons in common pleas court case number 34531, by which allegedly she lost her right to participate in the Workmen's Insurance Fund of Ohio.

The trial judge sustained defendant's motion for judgment in its favor notwithstanding the verdict of the jury returned against it in that case on February 17, 1949; and on May 11, 1949, dismissed plaintiff's action against defendant.

Plaintiff appealed from the judgment of the court of common

pleas entered in case number 38102 to this court on questions of law.

By assignments of error plaintiff contends that the trial judge erred "in sustaining defendant-appellee's motion non obstante veredicto to judgment of court of common pleas"; that "the same was contrary to law and contrary to the manifest weight of the evidence"; and that there are "other errors apparent on the face of the record." '

In disposing of defendants' motion to enter judgment in their favor notwithstanding the verdict of the jury rendered against them the trial judge said:—

"When this motion for judgment notwithstanding the verdict was argued two questions were presented to the court principally: first, that the plaintiff was guilty of contributory negligence which precluded her recovery; second, that there was no evidence showing that the plaintiff's decedent's death was the result of an injury which he sustained in the course of and arising out of his employment."

Without further reference to the evidence it is clear to us that defendant sheriff negligently failed to perform in common pleas case number 34531 the statutory duty imposed upon him, for which negligence defendants, and/or either or both of them, were answerable in damages to plaintiff in an action commenced timely and pleaded properly.

We find no evidence of probative value that decedent's death was the result of an injury which he sustained in the course of and arising out of his employment with his employer; nor evidence warranting the trial court submitting that question to the jury.

This conclusion forthwith brings us to a consideration of the question whether the case we review was filed against defendants timely and pleaded properly. We will not discuss this question in the exhaustive manner in which the trial judge discussed it in his excellent review of the case found in the bill of exceptions, to which the respective parties are referred.

While defendants urged that plaintiff was guilty of "contributory negligence" in failing to prosecute an appeal to the supreme court from the decision of this court rendered July 15, 1947, in common pleas case number 34531, precluding her from recovering against defendants in the case we review (38102), yet in open court their counsel stated they were not urging that proposition. Accordingly we will not pass upon that question.

It has been held that §§1465-90, 11230 and 11231 GC (which latter two sections did not apply in the case we review) must be read together. See **Houck v. Chrysler Corporation, 14 Abs**

711; **Beach v. Union Gas and Electric Co., 130 Oh St 280.** Like the trial judge we believe that those sections of the General Code and §11233 GC thereof must be read together.

In the state of the record submitted to us for review we hold that plaintiff had one year from July 15, 1947, to commence the action we review (case number 38102). See §11233 GC. Also see **Albers, Admr. v. Great Central Transport Corp., 32 O. O. 200.**

"Where an action first brought is terminated through no fault or voluntary act of a party who had done all that is required to secure valid service of summons, but the service of summons is set aside by reason of a false return by the process server, of which falsity the party had no knowledge in time to rectify the error within the sixty days allowed by §11231 GC, a new action may be commenced, by virtue of §11233 GC, within one year after the date such party fails otherwise than upon the merits." **Mulcahy v. Mutach, 51 Oh Ap 407.**

Plaintiff had no knowledge of such imperfect service within sixty days of the date it was made; but she had knowledge of such imperfect service within one year from the date thereof, and could have filed her new action within that time.

"Under the provisions of §11233 GC, relating to the commencement of actions, in an action commenced, or attempted to be commenced, if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of such action at the date of failure, has expired, the plaintiff may commence a new action within one year after such date." **Greulich v. Monnin, 142 Oh St 113.**

Plaintiff filed no action in the court of common pleas within a year after her case was dismissed other than upon its merits. Her action filed April 22, 1947, was never refiled. Obviously plaintiff's failure to recover was not the proximate result of the sheriff's misfeasance; rather it resulted from her failure to file timely and plead properly in her action which we review. Therefore, in our opinion, the trial judge did not err to plaintiff's prejudice in sustaining defendants' motion for judgment in its favor notwithstanding the verdict of the jury returned against it.

Appellant's counsel has failed to call our attention to "other errors apparent on the face of the record," as alleged as a ground of error; nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Ac-

cordingly we will not pass upon this assigned ground of error.

Finding no error prejudicial to plaintiff in any of the respects urged by her upon which we pass the judgment of the court of common pleas is affirmed.

NICHOLS, J, GRIFFITH, J, concur in judgment.