LaBarbera, Appellant, v. Batsch, Appellee.

152

(No. 27270—Decided February 17, 1966.)

*Messrs. Rini & Hecht*, for appellant.
*Messrs. Herman & Rhoa*, for appellee.

ARTL, J. This is an appeal on questions of law from a final order rendered January 5, 1964, in the Court of Common Pleas of Cuyahoga County.

The assignment of error is that the Court of Common Pleas erred in granting defendant's motion for summary judgment and entering judgment in favor of defendant.

The pertinent facts are as follows:

Plaintiff, appellant herein, was injured in an automobile accident on August 7, 1959, allegedly as a result of defendant's negligence. His petition and praecipe for issuance of summons were filed in the Court of Common Pleas on August 7, 1961, the last day of the period of limitations. Summons was issued that same day but was not physically delivered to the sheriff until the next morning. Service was obtained on the defendant a few days later.

The court, subsequently, on March 5, 1962, granted defendant's motion to dismiss. This case was No. 755,959 on the docket of the Court of Common Pleas.

From the decision of dismissal an appeal was prosecuted to this court in case number 26035. This court, *on December 13, 1962*, affirmed the decision of the Common Pleas Court.

Both the Common Pleas Court's decision and the affirmance by the Court of Appeals were in keeping with the pronouncements of the Ohio Supreme Court in *Baltimore & Ohio Rd. Co.* v. *Ambach* (1896), 55 Ohio St. 553; *McLarren* v. *Myers, Admr.* (1912), 87 Ohio St. 88; and *Zakrzewski* v. *Lenczycki* (1935), 129 Ohio St. 462. Without quoting the syllabi of these cases, they required an attorney to see that the sheriff received the summons before the statute of limitations had run in order for the attorney's attempt to commence the action to be considered diligent.

On May 8, 1963, the Ohio Supreme Court in its decision

in *Robinson* v. *Commercial Motor Freight, Inc.* (1963), 174 Ohio St. 498, overruled its former holdings in *Baltimore & Ohio Rd. Co.* v. *Ambach* (1896), 55 Ohio St. 553; *McLarren* v. *Myers, Admr.* (1912), 87 Ohio St. 88; and *Zakrzewski* v. *Lenczycki* (1935), 129 Ohio St. 462, the three cases relied upon by the trial court and the Court of Appeals in the original action.

About three weeks after that decision was announced, plaintiff filed in this court an application for reconsideration of its decision announced in December 1962. That application was denied in June 1963 by this court, without stating its reasons for such denial.

On November 22, 1963, plaintiff filed in the Court of Common Pleas a new action, number 791,020, as he claims, by virtue of Section 2305.19, Revised Code, the "savings-clause" statute. This action, filed as it was on November 22, 1963, was within one year of the affirmance by the Court of Appeals in December 1962, and about six months after the decision by the Supreme Court in *Robinson, supra.*

After issue was joined in the instant case, the defendant filed a motion for summary judgment. No affidavits were filed by either side, nor was any evidence introduced. The Court of Common Pleas entered judgment for the defendant on December 30, 1964, and it is from this judgment that the appeal is taken.

The trial court's journal provides as follows:

"December 30, 1964.

"To Court: On motion for summary judgment of defendant, William C. Batsch, upon consideration of the pleadings and exhibits, the court finds that there is no genuine issue as to any material fact relating to the question of the statute of limitations; that the action of the trial court in dismissing the previous case, although the petition and precipe were filed therein within the period of the statute of limitations, *was not erroneous*; that the dismissal in that case does not fall within the purview of Ohio Revised Code Section 2305.19 and that therefore the defendant is entitled to judgment as a matter of law. * * * Judgment entered for defendant." (Emphasis added.)

Plaintiff urges that the questions presented for decision by this court are as follows:

"1. Whether an action is properly commenced for purposes of the statute of limitations by the filing of a petition and praecipe within the period of limitations, although summons was not delivered to the sheriff until one day after the statutory period.

"2. Whether the erroneous dismissal of an action on the basis of the statute of limitations is a dismissal otherwise than upon the merits, so that a new action may be brought within one year thereafter, pursuant to Revised Code, Section 2305.19.

"3. Whether the one-year savings period began to run as of the final action in the Court of Appeals, rather than as of the dismissal in the trial court."

To answer the first question presented as above set forth, in his brief plaintiff argues:

"I. Plaintiff Commenced His Original Action Within The Time Provided By The Statute of Limitations."

In so doing he relies upon the decision of the Supreme Court in *Robinson, supra*. In its decision the Supreme Court recognized the harshness of the rule laid down in the *Ambach* and *McLarren cases* and changed the rule. It overruled its former holdings in the *Ambach* and *McLarren cases* as well as its holding in the *Zakrzewski case*.

Plaintiff argues that despite the clear language of this binding authority, the trial court held, in granting the motion for summary judgment:

"* * * that the action of the trial court in dismissing the previous case, although the petition and precipe were filed therein within the period of the statute of limitations, was not erroneous; * * *"

Plaintiff argues further that the trial court could have arrived at this conclusion only by believing that the *Robinson* decision had no retroactive effect. He argues that the law is to the contrary and cites the applicable rule stated in *Peerless Electric Co.* v. *Bowers, Tax Commr.* (1955), 164 Ohio St. 209, wherein in a *per curiam* opinion the court states, at page 210:

"* * * The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. * * *"

The defendant in opposition contends that the plaintiff is

conducting thereby a collateral attack on the adjudications in the original case; that those decisions are *res judicata*; and that the plaintiff is forever foreclosed for those reasons to bring this action, particularly since the Court of Appeals had denied a reconsideration of the original case after the pronouncement of the decision in *Robinson, supra.*

We certainly cannot find fault with the decisions in the original action by the trial court or the Court of Appeals. They followed the law as it was understood at the time. It was their duty to do so. Were it not for our statute, Section 2305.19, Revised Code, with its ''savings-clause'' provisions, the decision in *Robinson, supra,* could not and would not have affected the disposition of the original action, regardless of whether its provisions were considered retrospective or retroactive. The original action would have reached its finale with the ruling of the Court of Appeals, and a subsequent action would be *res judicata.*

By the existence of Section 2305.19, Revised Code, with its ''savings-clause'' provision, there is breathed new life into what may have appeared to be a lost cause. If the plaintiff properly brings himself within its provisions, his status must be determined in the light of the *Robinson* decision as it *presently* exists. It is not a question whether the *Robinson case* acts retrospectively or retroactively. How does it affect the present rights of the plaintiff is the question before this court.

It is our view that because of the existence of Section 2305.19, Revised Code, the decision of the Supreme Court in the *Robinson case* applies to this litigation, and that the Supreme Court has swung open the gate that leads to the lane toward justice, so that the plaintiff may have his case determined upon its merits rather than be declared out by a rule that the Supreme Court described and recognized as harsh. Clearly, it is not for this court to continue in effect such rule, if the plaintiff properly brings himself within the provisions of the ''savings-clause'' statute.

In the case of *United States* v. *The Schooner Peggy* (1801), 5 U. S. (1 Cranch) 103, 2 L. Ed. 49, Mr. Chief Justice Marshall made clear that:

''* * * if, subsequent to the judgment [in the trial court], and before the decision of the appellate court, a law intervenes

and positively changes the rule which governs, * * * the court must decide according to existing laws, and if it be necessary to set aside a judgment * * * which cannot be affirmed, but in violation of law, the judgment must be set aside."

See *Linkletter* v. *Walker, Warden*, 381 U. S. 618, 14 L. Ed. 2d 601, Note 8, 604, 85 S. Ct., 1731.

It is clear that had the *Robinson case* been decided during the interim between the dismissal in Common Pleas Court of the original action and its affirmance by the Court of Appeals, it would have been the duty of the appellate court to apply the above rule and reverse the judgment in the original case. The *Robinson case* came after the affirmance of the appellate court. But under favor of the "savings clause" in Section 2305.19, Revised Code, plaintiff has brought his new action, thus having exercised a right given him by statute. The law having been changed by the decision in the *Robinson case*, it is our view that the rule stated by Mr. Chief Justice Marshall must by analogy be applied to the instant case. To permit the judgment to stand would be in violation of the law as pronounced in the *Robinson case*.

The instant action was brought under the provisions of Section 2305.19, Revised Code; whether properly or not remains to be seen. Each time a new action is brought under the "savings-clause" statute, it imposes upon the trial court the mandatory duty to refer back to the original action to see and determine whether the succeeding action is justified under any of the provisions of the "savings-clause" statute. Clearly, the challenge to the trial court under those circumstances cannot be regarded as a collateral attack, nor can it be declared in every instance *res judicata*. If it were so regarded, what would it profit a litigant to have on the statute books a "savings-clause" statute?

Regardless of the decision of the trial court in the first action and the subsequent affirmance of such decision by the Court of Appeals, it is abundantly clear that under the ruling of the Ohio Supreme Court in *Robinson, supra*, the plaintiff had commenced his original action within the time provided by the statute of limitations.

As above indicated, the plaintiff in the case before us must

bring himself within Section 2305.19, Revised Code, which provides in part:

"In an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

This brings us to a consideration of the second question presented—"Whether the erroneous dismissal of an action on the basis of the statute of limitations is a dismissal otherwise than upon the merits"—so as to come within the provisions of the "savings-clause." It is plaintiff's contention that:

"II. AN ERRONEOUS DISMISSAL BASED ON THE STATUTE OF
LIMITATIONS IS A FAILURE 'OTHERWISE THAN UPON
THE MERITS.'"

It is plaintiff's contention that "the decision of the Supreme Court in the *Robinson case* operates retrospectively. Accordingly, the Court of Common Pleas erred in the initial case by dismissing plaintiff's action. It compounded this error by failing to recognize that its original dismissal was erroneous."

As we consider this question at this point, in view of the journal entry of the trial court wherein it held that the dismissal of the original action was not erroneous, we are confronted with two questions, namely:

1. Did the court err in its conclusion that the dismissal of the original action was not erroneous; and

2. If so, does an erroneous dismissal based upon the statute of limitations constitute a failure "otherwise than upon the merits?"

As mentioned above, the rule promulgated by the Supreme Court of Ohio in *Peerless Electric Co.* v. *Bowers, Tax Commr.* (1955), 164 Ohio St. 209, is that a decision of a court of supreme jurisdiction, which overrules a former decision, is retrospective, the effect being that such former decision was not simply bad law, but that it never was the law.

Applying such concept to the case at bar, the Supreme Court of Ohio, in overruling its decisions in the *Ambach, McLarren* and *Zakrzewski cases* with its pronouncement in the *Robinson case,* in effect held that the former decisions, upon

which the Court of Common Pleas and the Court of Appeals relied, never were the law concerning the commencement of an action.

Without becoming involved in a matter of semantics, it must be said that since *Robinson* has always been the law, it logically follows that the dismissal of the original action was erroneous since it was not in conformity with that law.

In 34 Ohio Jurisprudence 2d 628, Limitation of Actions, Section 148, it is stated that:

"* * * While the dismissal of an action on the ground that it is barred by the statute of limitations is a determination on the merits, a plaintiff fails 'otherwise than upon the merits' where a demurrer is *erroneously* sustained to a petition filed within the limitation period on the ground that it was not filed within such period. * * *" (Emphasis added.)

This court having determined the dismissal of the original action to be erroneous because it was rendered on the ground that the statute of limitations had not been met when in fact the law was that the statute of limitations had been met, it necessarily follows that the failure was "otherwise than upon the merits."

In answer to the third and final question presented— "Whether the one-year savings period began to run as of the final action in the Court of Appeals, rather than as of the dismissal in the trial court"—plaintiff urges that:

"III. PLAINTIFF'S ORIGINAL ACTION FAILED AS OF THE DATE OF THE AFFIRMANCE OF THE DISMISSAL BY THE COURT OF APPEALS."

Section 2305.19, Revised Code, does not specify when a "failure" occurs for purposes of the statute. In the case at bar, although the recommencement of the action did not come within one year from the date of the Court of Common Pleas' decision, such recommencement did come within one year from the date of the affirmance of such decision by the Court of Appeals.

The Ohio "savings-clause" statute has as its precursor "The Limitation Act, 1623," 21 James I, Chapter 16, Section 4, VI Chitty's Statutes (5 Ed., 1895). Such statute, being remedial in character, requires a liberal construction. 34 Ohio Jurisprudence 2d 622, Limitation of Actions, Section 145; *Cero Realty*

*Corp.* v. *American Manufacturers Mut. Ins. Co.* (1960), 171 Ohio St. 82.

In the majority of jurisdictions, the general rule is that the date of the affirmance on appeal, rather than the date of the trial court's decision, constitutes the date of failure from which the one-year extension period begins. As stated in 34 American Jurisprudence (1965 Supp.) 61, Limitation of Actions, Section 287, and as found in Annotation, 79 A. L. R. 2d 1270, at 1276:

"Under various renewal statutes, it has been held in an over-whelming majority of cases, that the time limited for the recommencement of an action is to be measured from the date of the affirmance on appeal of a judgment or decision adverse to the plaintiff, not from the date of the adverse decision or judgment below. In other words the plaintiff is not required to risk his privilege of renewal by taking an appeal. * * *"

Ohio courts, however, are somewhat in conflict on this issue. It is said in 34 Ohio Jurisprudence 2d 631, 632, Limitation of Actions, Section 152:

"* * * There is no doubt that the statute [Section 2305.19, Revised Code] gives to one who obtains a judgment which is afterward reversed the right to begin a new action within a year from the time of the reversal. But whether the statute gives a right to a person who fails in the trial court, otherwise than on the merits, a year after the affirmance of the judgment of the trial court within which to commence a new action, is disputed. Some cases say that it does, while others hold that it does not. * * *"

Such conflict between the Ohio cases on this issue is discussed in Annotation, 79 A. L. R. 2d 1270, at 1280, where the cases relied upon both by appellant and appellee are mentioned.

The earlier Ohio cases, relied upon by appellee, were decided prior to the Appellate Procedure Act and took the position that the date of failure, for the purposes of the "savings-clause" statute, was the date of the trial court's decision. *Atcherly* v. *Dickinson* (1878), 34 Ohio St. 537; *Higgins* v. *Turney & Jones Co.* (1912), 18 C. C. (N. S.) 558, 36 C. C. 422; *Price* v. *Kobacker Furniture Co.* (1927), 25 Ohio App. 44.

Two more recent Ohio decisions, however, ruled on since the enactment of the Appellate Procedure Act, emphatically

state that the date of failure for the purposes of the "savings-clause" statute is the date of affirmance. *Albers, Admr.,* v. *Great Central Transport Corp.* (1945), 32 Ohio Opinions 200; *Colello* v. *Bates* (1950), 88 Ohio App. 313.

The court in the *Albers case* discusses and rejects the *Price case* upon the ground that the Appellate Procedure Act of 1936 altered the rule which served as the foundation for the *Price* decision—that an appeal is "a new action." The court reasoned that it was not the intent of the Legislature to preclude a litigant from the right of appeal granted him by the Constitution and that the plaintiff's case didn't fail otherwise than on the merits until the Supreme Court had affirmed the judgments of the Court of Appeals and the Court of Common Pleas.

In other words, the plaintiff who suffers an adverse decision in the trial court need not risk losing the benefit of the "savings-clause" statute simply because he chooses to utilize his right of appeal. To hold otherwise would be to cut down the right of appeal guaranteed by the Constitution and the appellate statutes.

Thus, upon examination, the general law and the law in Ohio are based on the same reasoning and are in accord; that is to say, that for the purposes of the "savings-clause" statute, the date of the failure is the date of the affirmance of the decision by the highest court appealed to, rather than the date of the trial court's decision.

Plaintiff having shown that he commenced his original action within the statutory period, that the original dismissal of the action was an erroneous dismissal based on the statute of limitations and thus was a "failure otherwise than upon the merits," and that such failure occurred as of the date of the affirmance of the dismissal by the Court of Appeals, the trial court erred in granting defendant's motion for summary judgment. The judgment is reversed and the cause remanded to Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

SILBERT, C. J., concurs.