**GRUBER, Appellant,**

v.

**KOPF BUILDERS, INC. et al., Appellees.**

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78770.

Decided Oct. 1, 2001.

Caravona & Czack, P.L.L., Donald E. Caravona and Thomas J. Silk, for appellant.

Gallagher, Sharp, Fulton & Norman, Alton L. Stephens and Monica A. Sansalone; Powers & Associates, Donald H. Powers and Iris J. Cabrera; Davis & Young, Henry A. Hentemann and Cornelius J. O'Sullivan; and Reminger & Reminger Co., L.P.A., and John J. Reagan, for appellees.

KARPINSKI, Administrative Judge.

{¶ 1} This appeal arises out of a wrongful death action, filed for a second time pursuant to Ohio's Savings Statute, R.C. 2305.19. Plaintiff-appellant, Maxwell Jay Gruber, Sr. ("appellant"), individually and as the administrator of the estate of his son, Maxwell Gruber, a minor, deceased, filed a predecessor case, Trial Court No. 324049 ("*Gruber I*") and the within action ("*Gruber II*").

{¶ 2} Prior to any review of appellant's specific assignments of error, this court is required to test the jurisdictional basis of this appeal, as challenged in the joint motion of appellees, Courtyard Condominium Unit Owner's Association, Inc. ("Courtyard"), Condominium "A," and Renner Management, Inc. ("Renner"), to dismiss this appeal. Appellees claim that appellant's refiling of a second complaint in *Gruber II* was untimely under the strict time limitation set forth in R.C. 2305.19. We agree.

{¶ 3} Issues pertaining to subject-matter jurisdiction are never waivable and this court, therefore, must raise the issue sua sponte. *Proctor v. Giles* (1980), 61 Ohio St.2d 211, 212–213, 15 O.O.3d 227, 400 N.E.2d 393, fn. 1; *Teramar v. Rodier Corp.* (1987), 40 Ohio App.3d 39, 531 N.E.2d 721. In reviewing the

facts, we find that appellant did not timely file this case in the trial court within the one-year limitation period set forth in R.C. 2305.19.

{¶ 4} The pertinent procedural history of both *Gruber I* and *Gruber II* is undisputed. Both of appellant's cases were filed as a result of the drowning death of his son in a retention basin located on the property of Courtyard. *Gruber I* was timely filed on January 17, 1997, within the two-year limitation period, which was triggered on January 28, 1995, the date of decedent's death. In *Gruber I,* appellant named the following defendants: the city of Westlake, the Martin Organization, Moenkhaus Management Group, Inc., Kopf Builders, Inc., Courtyard, Condominium "A," Renner, and Carl S. Andreano and Associates, Inc. On March 13, 1998, appellant voluntarily dismissed the city of Westlake, the Martin Organization, and Moenkhaus Management Group, Inc. in accordance with Rule 41(A). On April 1, 1998, appellant then voluntarily dismissed the remaining defendants, again pursuant to Rule 41(A).

{¶ 5} Despite appellant's voluntary dismissal of the last set of defendants, the trial court, nonetheless, brought the parties together on April 13, 1998, and vacated the April 1, 1998 dismissal. Erroneously believing it had subject-matter jurisdiction, the court permitted the case to proceed, ultimately resulting in the court's granting summary judgment to each remaining defendant on August 13, 1998.

{¶ 6} Appellant appealed to this court and assigned as error the trial court's granting each of the defendant's motions. Without reaching the merits of appellant's claimed errors, this court dismissed the appeal on November 29, 1999, because the trial court did not have subject-matter jurisdiction over *Gruber I* after the April 1, 1998 voluntary dismissal. *Gruber v. Kopf Bldrs., Inc.* (Nov. 4, 1999), Cuyahoga App. No. 75238, 1999 WL 1000518.

{¶ 7} On January 5, 2000, appellant filed *Gruber II* in the trial court as a brand new matter, which was then transferred back to the original trial judge in *Gruber I.* As before, appellees filed essentially the same motions for summary judgment, which were granted for a second time. This case appeals the trial court's granting appellees' motions for summary judgment in *Gruber II.* Appellees, Kopf Builders, Inc. and Courtyard, Condominium "A," and Renner also filed motions for judgment on the pleadings, which motions were denied by the trial court. Appellees argued that *Gruber II* was barred by the one-year limitation period set forth in R.C. 2305.19 and that, therefore, the trial court did not have subject-matter jurisdiction of the second filing. We agree.

{¶ 8} The law requires the court to abide by the legislative parameters expressly set forth in R.C. 2305.19. In relevant part, the statute provides:

{¶ 9} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."

{¶ 10} In conjunction with R.C. 2305.19, a voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure "otherwise than upon the merits" within the purview of the statute. *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus. See, also, *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 23 O.O.3d 232, 431 N.E.2d 660.

{¶ 11} Civ.R. 41(A) sets forth three different mechanisms by which a plaintiff can voluntarily dismiss a case; "[e]ach of them limits the plaintiff's ability to refile." *Frysinger* at 42, 512 N.E.2d 337. In reviewing the same type of dismissal at issue here, that is, a voluntary dismissal by written notice without the approval of the court or other parties, the Supreme Court of Ohio noted the policy considerations behind R.C. 2305.19:

{¶ 12} "The civil rules seek to impose reasonable restrictions on all three forms of voluntary dismissals to preclude unwarranted refilings. This court need not supplement those restrictions by denying the apparent legislative prosecution from the limitations bar under R.C. 2305.19 for the seasonably refiled action. An action 'fails' when the plaintiff voluntarily dismisses it." *Frysinger* at 43, 512 N.E.2d 337.

{¶ 13} As stated in *Hancock v. Kroger Co.* (1995), 103 Ohio App.3d 266, 659 N.E.2d 336, "a case may only be extended by virtue of R.C. 2305.19 for one year after the initially filed action fails otherwise than upon the merits." The savings statute "may be used only once to invoke an additional one-year time period in which to refile an action." *Romine v. Ohio State Hwy. Patrol* (2000), 136 Ohio App.3d 650, 737 N.E.2d 586; *Seawright v. Zabell* (Apr. 27, 1989), Cuyahoga App. No. 55232, 1989 WL 42251.

{¶ 14} In the case before us, appellant voluntarily dismissed *Gruber I* on April 1, 1998. In order to avail himself of the one-year refiling privilege set forth in R.C. 2305.19, appellant would have had to refile *Gruber II*, as a new action, no later than April 1, 1999. Instead, this case was refiled on January 5, 2000, clearly outside the one-year limitation period specified in R.C. 2305.19. Thus the trial court patently lacked jurisdiction to proceed.

{¶ 15} Appellant argues that the one-year limitation period set forth in R.C. 2305.19 is tolled during the pendency of his appeal of *Gruber I*. If tolled, he

argues, the limitation period would not begin to run until the date the appeal was dismissed, November 29, 1999, making his January 5, 2000 refiling timely. We do not agree.

{¶ 16} *First, none of the cases cited by appellant supports such a position. In fact, none of the cases relied upon by appellant involved a plaintiff's voluntary dismissal pursuant to Rule 41(A).* In *Colello v. Bates* (1950), 88 Ohio App. 313, 45 O.O. 77, 100 N.E.2d 258, the appellate court affirmed a demurrer granted by the trial court. Defendants' demurrer claimed that the plaintiff had never effected proper service. The court agreed and dismissed the appeal, otherwise than upon the merits. Plaintiff never refiled the action within the one-year limitation period. The import of the decision in *Colello* is that the one-year limitation period in R.C. 2305.19 starts to run upon the occurrence of a *first* dismissal otherwise than upon the merits.

{¶ 17} In the case at bar, appellant's first such dismissal, which disposed of the entire case, occurred on April 1, 1998, not the date of this court's dismissal of *Gruber I. Gruber v. Kopf Bldrs., Inc.* (Nov. 4, 1999), Cuyahoga App. No. 75238, 1999 WL 1000518. The same reasoning applies to the case of *Darling v. Home Gas & Appliances, Inc.* (1963), 175 Ohio St. 250, 24 O.O.2d 414, 193 N.E.2d 391, in which the court's dismissal was the first such disposition.

{¶ 18} Appellant also cites the case of *LaBarbera v. Batsch* (1966), 5 Ohio App.2d 151, 34 O.O.2d 295, 214 N.E.2d 443, for the argument that the appellate court's date of dismissal should activate the limitation period in R.C. 2305.19. Appellant's reliance upon this case is mistaken because it was overturned in the Ohio Supreme Court decision of *LaBarbera v. Batsch* (1967), 10 Ohio St.2d 106, 39 O.O.2d 103, 227 N.E.2d 55. The Supreme Court affirmatively decided that the appellate court's dismissal was not otherwise than upon the merits and, therefore, appellant could not recommence his action pursuant to R.C. 2305.19.

{¶ 19} The facts in the case at bar differ significantly from those in the cases appellant cites. Nor do we find any case law which would allow us to carve out an exception to appellant's circumstance here. The undeniable fact is that the savings statute's one-year limitation is fixed by the legislature for specific and important historical reasons, not the least of which is the statute's implicit promise that if a plaintiff does not refile within one year from the date of his voluntary dismissal, there will be finality to the litigation.

{¶ 20} The Ohio Supreme Court in *LaBarbera* discussed at length the policy considerations behind statutes of limitation, generally, and the specific limitation period set forth in R.C. 2305.19:

{¶ 21} "Statutes of limitation are similarly designed to assure an end to litigation and to establish a state of stability and repose. *Townsend v. Eichelber-*

*ger* (1894), 51 Ohio St. 213, 216, 38 N.E. 207; Calahan, Statutes of Limitation Background, 16 Ohio St.L.J. 130. Although it was said many years ago in Ohio (*Sheets v. Baldwin's Admrs.* (1843), 12 Ohio 120 [1843 WL 18]; *Newsom's Admr. v. Ran* (1849), 18 Ohio 240 [1849 WL 107]), and elsewhere (1 Freeman on Judgments [5 Ed.], 569, Section 288), that the statute of limitations was a disfavored defense, the modern and better view is that it is as favored as any other defense, since it is based on an important legislative policy. 1 Freemen on Judgments (5 Ed.), 569, Section 288; *Townsend v. Eichelberger, supra* (51 Ohio St. 213 [38 N.E. 207]); 34 Ohio Jurisprudence 2d 486, Limitation of Actions, Section 2.

{¶ 22} "Although it has been said many times that the saving statute, Section 2305.19, Revised Code, is a remedial statute and to be liberally construed, *e.g.*, *Cero Realty Corp. v. American Manufacturers Mutual Ins. Co.* (1960), 171 Ohio St. 82 [12 O.O.2d 92], 167 N.E.2d 774; *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Bemis* (1901), 64 Ohio St. 26, 59 N.E. 745, the court is reluctant to infer that this principle is of more importance than the policies mentioned without completely clear evidence of legislative intent." *LaBarbera*, 10 Ohio St.2d at 114, 39 O.O.2d 103, 227 N.E.2d 55.

{¶ 23} To date, the Ohio legislature has not seen fit to relax the explicit limitation period set forth in R.C. 2305.19. Nonetheless, appellant urges us to apply the doctrine of equitable estoppel in order to deem the filing date of *Gruber II* to be timely. In order to prevail on a claim of equitable estoppel, a plaintiff must prove four elements: (1) that the defendant made a factual misrepresentation; (2) that it was misleading, (3) that it induced actual reliance which is reasonable and in good faith, and (4) that it caused detriment to the relying party. *Romine*, 136 Ohio App.3d at 654, 737 N.E.2d 586.

{¶ 24} First and foremost, appellant cannot show that the defendants made a factual misrepresentation at all. Because appellant does not even meet the first element of equitable estoppel, this argument fails. Hence, appellant's reliance upon the case of *Hutchinson v. Wenzke* (1999), 131 Ohio App.3d 613, 723 N.E.2d 176, is misplaced. In *Hutchinson*, unlike the situation here, the defendants expressly agreed, in writing, that the plaintiff could refile a third complaint. In this case, there is no express written consent by any of the defendants indicating that appellant could file *Gruber II* outside the one-year limitation period specified in R.C. 2305.19. Absent the express approval that existed in *Hutchinson*, appellant cannot meet the rest of the elements of equitable estoppel. This argument, therefore, is without merit.

{¶ 25} Because the trial court lacked jurisdiction to proceed in this case, appellant's remaining assignments of error are moot and will not be addressed. Accordingly, we hold that the judgment of the trial court is affirmed on an

alternate basis: that is, appellant's untimely filing of this case was outside the strict one-year time period set forth in R.C. 2305.19.

{¶ 26}  The court finds that there were reasonable grounds for this appeal.

{¶ 27}  It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

Judgment accordingly.

MICHAEL J. CORRIGAN and PATRICIA ANN BLACKMON, JJ., concur.