THE STATE, EX REL. FRATERNAL ORDER OF POLICE, CLEVELAND LODGE NO. 8, ET AL., APPELLANTS, *v.* TEGREENE, DIRECTOR, APPELLEE.

(No. 78-485—Decided May 30, 1979.)

*Messrs. Climaco, Goldberg, Boukalik & Seminatore,*
*Mr. John R. Climaco, Mr. Shimon Kaplan* and *Mr. Paul S.*
*Lefkowitz,* for appellants.

*Mr. Jack M. Schulman, Ms. Karen B. Newborn* and *Mr.*
*Norman S. Buckvar,* for appellee.

*Per Curiam.*　Mandamus will not lie to order a city's Director of Finance to resume the dues checkoff for a city employees' labor union which has lost an exclusive bargaining agent election unless the director has a clear legal duty to do so. See *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141. By its order that the continuation of the dues checkoff for election participants is a subject for bargaining with the winning union, the lower court in *Cleveland* v. *Fraternal Order of Police, supra,* decided that the city did not have a legal duty to deduct these dues. Although the instant action was brought against the Director of Finance, his legal duty is the same as the city's since he is the city official responsible for the deduction of dues.

As this court stated in *Hicks* v. *De la Cruz* (1977), 52 Ohio St. 2d 71, at page 74: "The modern view of *res judicata* embraces the doctrine of collateral estoppel, which basically states that if an issue of fact or law actually is litigated and determined to be a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. A party precluded under this principle from relitigating an issue with an opposing party likewise is precluded from doing so with another person unless he lacked full and fair opportunity to litigate that issue in the first action, or unless

other circumstances justify according him an opportunity to relitigate the issue."

Appellants contend further that *State, ex rel. Gherges,* v. *Cleveland* (No. 31320, March 16, 1972), unreported, decided by the Court of Appeals for Cuyahoga County, established a mandatory duty upon the Director of Finance to deduct union dues from the wages of a city employee who requests it, and that this was decided prior to the time that *Cleveland* v. *Fraternal Order of Police, supra,* decided the issue, and is *res judicata* to the instant action.

This argument is without merit. When two prior judgments conflict, the last in point of time operates as *res judicata* to a third, later action. See Restatement of Judgments 164, Section 42.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.