OPINION
{¶ 1} Defendant-appellant, William Wise, appeals the decision of the Clermont County Court of Common Pleas ordering that he serve his four-year sentence for a sexual battery conviction consecutively to his sentence for three sexual battery convictions in Hamilton County. We affirm the common pleas court's decision.
 {¶ 2} On April 16, 2002, the Hamilton County Court of Common Pleas issued a judgment entry sentencing appellant to three years in prison for each of three sexual battery counts to which he pled guilty. The court ordered the sentences to be served concurrently. Granting a request by appellant, the court stayed the execution of his sentence pending his sentencing hearing in Clermont County for another sexual battery conviction. The court apparently set a date of May 1, 2002 to formally impose the sentence and commit appellant to prison.
 {¶ 3} On April 30, 2002, after appellant pled guilty to one count of sexual battery in Clermont County, the Clermont County Court of Common Pleas sentenced appellant to four years in prison. The court ordered appellant to serve the sentence consecutively to his sentence in Hamilton County. The court then committed appellant to the custody of the Ohio Department of Rehabilitation and Corrections for imprisonment.
 {¶ 4} When appellant did not appear on May 1 in Hamilton County, the Hamilton County court issued a capias for appellant's arrest. Appellant eventually appeared in the Hamilton County court on May 30, 2002. On that date, the court stated on the record that appellant's sentence for the Hamilton County case would run concurrently with his sentence for the Clermont County case. An entry stating the same was journalized by a nunc pro tunc entry on July 14, 2003.
 {¶ 5} Appellant appealed the Clermont County court's sentencing decision of April 30, 2002. In an opinion released on September 29, 2003, this court reversed the Clermont County court's decision, vacated appellant's sentence, and remanded the case for re-sentencing. State v. Wise, Clermont App. No. CA2002-12-100, 2003-Ohio-5113. This court found that the common pleas court had not made the required statutory findings before imposing consecutive sentences. Id. On remand, the Clermont County court again sentenced appellant to four years in prison for one count of sexual battery. In an entry dated December 1, 2003, the court again ordered the sentence to be served consecutively to appellant's sentence in the Hamilton County case. Appellant now appeals that decision, assigning one error as follows:
 {¶ 6} "The trial court erred in sentencing appellant to consecutive terms of imprisonment."
 {¶ 7} In his sole assignment of error, appellant argues that the Clermont County court could not order appellant to serve his sentence consecutively to his sentence in the Hamilton County case, when the Hamilton County court had previously ruled that the two sentences would be served concurrently. Appellant argues that the doctrine of res judicata prohibits such a ruling. Appellant also argues that the in futuro rule prevented the Clermont County court from initially making its sentence consecutive to Hamilton County's sentence.
 {¶ 8} We first address appellant's in futuro argument. InState v. White (1985), 18 Ohio St.3d 340, 342, the court stated the following: "[T]his court is persuaded that the grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence in futuro." Accordingly, a trial court may not order a sentence to be served consecutively to a sentence that is to be imposed in the future. Id; State v.Watson (1992), 76 Ohio App.3d 258, 261.
 {¶ 9} We find no violation of the in futuro rule in this case. The Hamilton County court issued a judgment entry dated April 16, 2002 ordering appellant to serve a total of three years in prison for his three sexual battery convictions. That judgment entry was captioned, "SENTENCE: INCARCERATION." On May 3, 2002, the Clermont County court issued a judgment entry sentencing appellant and ordering him to serve his sentence consecutively to the Hamilton County sentence. The Hamilton County sentence had already been imposed at the time the Clermont County court made the sentences consecutive. Therefore, there was no violation of the in futuro rule.
 {¶ 10} Appellant argues that the Hamilton County sentence was "incomplete" at the time the Clermont County court issued its May 3, 2002 judgment entry because the Hamilton County court had not "formally imposed" its sentence and transferred custody of appellant to the state for imprisonment. According to appellant, because the sentence was "incomplete," it was a sentence "in futuro," and the Clermont County court could not make its sentence consecutive to that sentence. We find appellant's argument unpersuasive. The Hamilton County court had issued a judgment entry ordering the sentence, and we find that the sentence was "imposed" for the purposes of the in futuro rule. Therefore, the Clermont County court did not violate the in futuro rule when it subsequently imposed consecutive sentences.
 {¶ 11} We now address appellant's res judicata argument. Appellant does not cite any case law in support of this argument. Appellant simply argues that "the doctrine of res judicata prevented the trial court's action." Citing Black's Law Dictionary, appellant states that res judicata applies to "a thing judicially acted upon or decided; a thing or matter settled by judgment."
 {¶ 12} "The doctrine of res judicata may be applied where actions between the same parties in relation to the same subject are pending at the same time, and a judgment is rendered in one of such actions." 63 Ohio Jurisprudence 3d (2003) 196, Judgments, Section 394. The judgment that first becomes final is a bar in the other action. Id., citing State ex rel. Fraternal Order ofPolice, Cleveland Lodge No. 8 v. Tegreene (1979),58 Ohio St.2d 235.
 {¶ 13} The Clermont County court was the first court to rule on the issue of whether the sentences would be served consecutively or concurrently. The court ordered consecutive sentences, and, based on our earlier analysis, the in futuro rule did not preclude such an order. In order for a judgment to be operative as res judicata, that judgment must be "existing," "unmodified," and "unreversed." 63 Ohio Jurisprudence 3d (2003) 210, Judgments, Section 404. At the time the Hamilton County court issued its judgment entry ordering concurrent sentences, the Clermont County court's judgment ordering consecutive sentences was a valid final judgment. Therefore, res judicata should have precluded the Hamilton County court from ordering concurrent sentences.
 {¶ 14} Contrary to appellant's assertion, the Hamilton County court's order imposing concurrent sentences did not "legally and finally decide" the issue. Rather, the Clermont County court's judgment was first and operated as res judicata. Further, we find that the Clermont County court was not "precluded from revisiting" the issue of consecutive sentences on remand, as appellant argues. Once the Clermont County court's initial sentence was vacated, the Hamilton County court's concurrent sentences order was in violation of the in futuro rule and was of no effect. Once the Clermont County court's sentence was vacated, there was no other sentence to which the Hamilton County court could make its sentence concurrent. On remand, the Clermont County court was again the second sentencing court, and could make the controlling consecutive/concurrent sentences determination.
 {¶ 15} Based on our above analysis, we overrule appellant's sole assignment of error. We affirm the decision of the Clermont County Court of Common Pleas imposing consecutive sentences.
Young, P.J., and Valen, J., concur.