OPINION
{¶ 1} Plaintiff-appellant, Tanaga A. Boozer ("appellant"), appeals from the judgment of the Ohio Court of Claims granting summary judgment in favor of defendant-appellee, University of Cincinnati School of Law ("UC"). For the following reasons, we affirm.
 {¶ 2} Although the substance of appellant's claims below is primarily irrelevant to this appeal, we briefly recount the underlying facts before exploring the procedural history of appellant's claims, which constitutes our paramount concern here. Appellant's claims stem from UC's response to a research paper that appellant submitted in Professor James T. O'Reilly's Food Drug Safety Laws course in December 2001, while appellant was a student at UC. Approximately one week after submitting her research paper, appellant received a letter at her place of employment from Professor O'Reilly ("O'Reilly"), stating: "[T]he final grade of F has been entered on your transcript in the course on Food Drug Safety Laws." O'Reilly wrote: "For the paper in lieu of exam, the grade of zero has been entered because of extreme copying of verbatim passages of published and copyrighted works of other authors, presented as your work." O'Reilly also sent a copy of his letter to James J. Johnson, Chief Legal Officer of The Proctor Gamble Company, appellant's employer. Appellant unsuccessfully appealed her grade through UC's grade appeal process and challenged charges of plagiarism by the UC honor council. In December 2002, appellant first filed suit against UC.
 {¶ 3} Over the course of three and one-half years, appellant's claims wound through four courts and involved no less than five separate complaints. In addition to UC, appellant's various complaints have named O'Reilly; U.C.'s Dean, Joseph Tomain ("Tomain"); and UC's Vice President for Student Affairs and Services, Mitchel D. Livingston ("Livingston"), as defendants. In addition to claims arising out of O'Reilly's letter, appellant alleges that UC ignored its rules and procedures in handling her grade appeal and the charges of plagiarism. Determination of this appeal requires a detailed recount of the procedural history of appellant's claims.
 {¶ 4} Appellant first filed a complaint in the Ohio Court of Claims on December 13, 2002 ("Boozer I"). Appellant filed an amended complaint in Boozer I on February 18, 2003, naming UC, O'Reilly, and Tomain as defendants and alleging: (1) breach of contract; (2) invasion of privacy in violation of R.C. 3319.321; (3) common law invasion of privacy; (4) tortious interference with contract; (5) defamation; (6) negligent supervision; and (7) intentional infliction of emotional distress. On November 21, 2003, appellant voluntarily dismissed Boozer I.
 {¶ 5} Also on November 21, 2003, appellant filed a complaint in the Franklin County Court of Common Pleas against UC, O'Reilly, Tomain, and Livingston ("Boozer II"). In Boozer II,
appellant alleged: (1) claims pursuant to Section 1983, Title 42, U.S. Code against each individual defendant; (2) invasion of privacy, in violation of R.C. 3319.321; (3) common law invasion of privacy; (4) defamation; (5) negligent supervision; (6) intentional infliction of emotional distress; and (7) breach of contract. On April 19, 2004, the Franklin County Court of Common Pleas granted the defendants' request for change of venue and transferred Boozer II to the Hamilton County Court of Common Pleas. On July 30, 2004, the Hamilton County Court of Common Pleas dismissed Boozer II upon the defendants' motion.
 {¶ 6} On July 21, 2004, with Boozer II still pending in the Hamilton County Court of Common Pleas, appellant filed another complaint in the Ohio Court of Claims against UC, O'Reilly, Tomain, and Livingston ("Boozer III"). The Boozer III
complaint contained the same claims as the Boozer II complaint, along with an additional negligence claim. On July 23, 2004, after pre-screening, the Court of Claims dismissed the individual defendants from Boozer III for lack of jurisdiction and struck appellant's requests for punitive damages and a jury trial. UC filed an answer in Boozer III on August 20, 2004, in which it asserted the statute of limitations as an affirmative defense to appellant's claims.
 {¶ 7} Along with its answer, UC filed a motion to dismissBoozer III, arguing that the Court of Claims lacked subject-matter jurisdiction to consider appellant's § 1983 claims and that the applicable statute of limitations barred appellant's claims other than defamation. On October 6, 2004, the Court of Claims dismissed appellant's § 1983 claims for lack of subject-matter jurisdiction, converted UC's motion to dismiss appellant's other claims[1] to a motion for partial summary judgment, and established a non-oral hearing date and a date for submission of supporting and opposing briefs and affidavits. On November 12, 2004, appellant filed an affidavit in opposition to UC's motion for partial summary judgment. On December 20, 2004, the Court of Claims granted UC's motion for partial summary judgment, concluding that the applicable two-year statute of limitations barred appellant's other claims, leaving only appellant's defamation claim pending for trial.
 {¶ 8} Appellant filed a notice of appeal from the Court of Claims' December 20, 2004 judgment entry, but this court dismissed the appeal for lack of a final appealable order on February 8, 2005.
 {¶ 9} On January 27, 2005, with her defamation claim still pending in the Court of Claims, appellant filed yet another complaint, this time in the United States District Court for the Southern District of Ohio ("Boozer IV"). The Boozer IV
complaint named UC, O'Reilly, Tomain, and Livingston as defendants and asserted claims for: (1) violation of procedural due process; (2) violation of substantive due process; (3) violation of equal protection; (4) violation of Section 1983, Title 42, U.S.Code; (5) breach of contract; (6) negligence; (7) defamation; (8) intentional infliction of emotional distress; and (9) declaratory judgment. On June 2, 2005, appellant filed a notice of voluntary dismissal of Boozer IV in federal court.
 {¶ 10} Back in the Court of Claims, on August 31, 2005, UC moved for summary judgment on appellant's defamation claim. UC argued that appellant's defamation claim failed on its merits because the alleged defamatory statement was true. UC also argued that, following her voluntary dismissal of Boozer IV in federal court, the two-dismissal rule in Civ.R. 41(A)(1) barred appellant's defamation claim. On September 9, 2005, appellant's counsel filed a response, stating that appellant did not oppose UC's motion for summary judgment. Thereafter, on September 16, 2005, the Court of Claims entered summary judgment in favor of UC on appellant's sole remaining claim for defamation.
 {¶ 11} Appellant timely appealed and assigns the following as error:
THE COURT OF CLAIMS ERRED IN DISMISSING PLAINTIFF'S ACTIONS AS A MATTER OF LAW, BECAUSE PLAINTIFF'S CLAIMS WERE SAVED UNDER OHIO'S SAVINGS STATUTE.
Appellant does not appeal the Court of Claims' dismissal of her claims pursuant to Section 1983, Title 42, U.S. Code, or the Court of Claims' grant of summary judgment on her defamation claim. This appeal relates solely to appellant's other claims, on which the Court of Claims entered summary judgment in UC's favor on December 20, 2004.
 {¶ 12} Appellate review of summary judgment is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, we apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107; Brown at 711.
 {¶ 13} Pursuant to Civ.R. 56(C), a court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 {¶ 14} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the non-movant bears a reciprocal burden to produce competent evidence of the types listed in Civ.R. 56(C) showing that there is a genuine issue for trial. Id.; Civ.R. 56(E). Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 15} In her sole assignment of error, appellant asserts that the Ohio savings statute applied to her other claims inBoozer III and that the Court of Claims therefore erred in concluding that the two-year statute of limitations barred such claims. In response, UC argues that appellant's claims were not only time-barred, but also that the two-dismissal rule in Civ.R. 41(A)(1) bars appellant's claims. This appeal requires careful examination of both the Ohio savings statute, R.C. 2305.19, and the two-dismissal rule contained in Civ.R. 41(A)(1). Although related, the savings statute and the two-dismissal rule serve very different functions. Ater v. Follrod (S.D.Ohio 2002),238 F.Supp.2d 928, 943.
 {¶ 16} The applicable version of the Ohio savings statute, R.C. 2305.19, provides:
In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *
The savings statute permits a plaintiff to refile a claim that would otherwise be time-barred within one year after the plaintiff fails otherwise than upon the merits. To invoke the protection of the savings statute after a voluntary dismissal, the party must have originally filed the claim within the applicable statute of limitations, dismissed the original claim after the expiration of the statute of limitations, and refiled the claim within one year after dismissal. See Reese v. OhioState Univ. Hosp. (1983), 6 Ohio St.3d 162. "[T]he saving statute can be used only once to invoke an additional one-year time period in which to refile an action." Hancock v. KrogerCo. (1995), 103 Ohio App.3d 266, 269.
 {¶ 17} The two-dismissal rule is set forth in Civ.R. 41(A)(1) and provides as follows:
(A) Voluntary dismissal: effect thereof.
(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.
Unilateral dismissal by notice under Civ.R. 41(A)(1)(a) is available to a plaintiff only once, and a second dismissal by notice acts as an adjudication upon the merits. Mays v. KrogerCo. (1998), 129 Ohio App.3d 159, 162. For the two-dismissal rule to apply, the claimant must twice dismiss by notice pursuant to Civ.R. 41(A)(1)(a). Internatl. Computing and ElectronicEngineering Corp. v. Ohio Dept. of Adm. Serv. (May 9, 1996), Franklin App. No. 95API11-1475. An adjudication upon the merits pursuant to the two-dismissal rule is a bar to a future action under the doctrine of res judicata. Id., citing Chadwick v.Barba Lou, Inc. (1982), 69 Ohio St.2d 222, 226.
 {¶ 18} Because appellant bases her single assignment of error on the savings statute, we first address the savings statute's applicability to appellant's claims in Boozer III.
 {¶ 19} When appellant voluntarily dismissed Boozer I and filed Boozer II, the applicable statute of limitations on her defamation claim had expired, but the applicable statute of limitations on her other claims had not expired. Thus, when appellant filed Boozer II, her defamation claim was timely, pursuant to the savings statute, and her other claims were within the applicable statute of limitations. Accordingly, each claim inBoozer II was timely.
 {¶ 20} In determining whether appellant's claims in BoozerIII were time-barred, the Court of Claims ignored Boozer II
completely and looked solely at appellant's notice of dismissal in Boozer I. The Court of Claims determined that appellant's defamation claim in Boozer III was timely, noting that appellant commenced Boozer III within one year after her notice of voluntary dismissal in Boozer I, at which time the statute of limitations had expired on her defamation claim. Because appellant does not appeal the Court of Claims' judgment on her defamation claim, we turn to the Court of Claims' resolution of appellant's other claims.
 {¶ 21} Appellant does not dispute the Court of Claims' determination that appellant's notice of voluntary dismissal inBoozer I did not implicate the savings statute with respect to appellant's other claims, on which the statue of limitations had not expired. Former R.C. 2305.19 does not apply unless a timely-commenced action failed otherwise than upon the merits after the statute of limitations expired. Haynes v. Ohio Dept.of Rehab. Corr., Franklin App. No. 05AP-78, 2005-Ohio-5099, at ¶ 15, citing Lewis v. Connor (1985), 21 Ohio St.3d 1, 4. "A plaintiff whose claim fails otherwise than upon the merits when there is still time to file suit within the statute of limitations needs no savings statute because the plaintiff can re-file his lawsuit within the statutory period." Haynes at ¶ 15. That is the situation appellant faced upon her dismissal ofBoozer I. Because the limitations period on appellant's other claims had not expired when she voluntarily dismissed Boozer I,
the savings statute was inapplicable, and appellant was free to refile her other claims within the limitations period.
 {¶ 22} Acknowledging that her Boozer I dismissal did not implicate the savings statute, with respect to her other claims, appellant asserts that she refiled her other claims within the statute of limitations in Boozer II. Appellant contends that her failure otherwise than upon the merits in Boozer II, after the expiration of the applicable limitations period, brought the savings statute into play to save her other claims in BoozerIII.
 {¶ 23} UC argues that appellant's use of the savings statute to save her defamation claim in Boozer II precluded a second use of the savings statute to save her other claims in BoozerIII. UC directs this court to the Fifth District Court of Appeals' opinion in McGowan v. Family Medicine, Inc., Stark App. No. 2001CA00385, 2002-Ohio-4071. There, the plaintiff filed a complaint containing a claim for medical malpractice, subject to a one-year statute of limitations, and a claim for wrongful death, subject to a two-year statute of limitations. The plaintiff voluntarily dismissed her first complaint, pursuant to Civ.R. 41(A)(1)(a), and refiled the same day. The trial court dismissed the plaintiff's second complaint, pursuant to Civ.R. 41(B), for failure to prosecute. After the plaintiff filed her complaint a third time, the trial court entered summary judgment in favor of the defendants, finding the savings statute inapplicable and concluding that the plaintiff's claims were time-barred.
 {¶ 24} In McGowan, the plaintiff argued that, because she filed her second complaint within the limitations period for a wrongful death claim, the savings statute saved the wrongful death claim in her third complaint. The Fifth District rejected the plaintiff's argument, concluding that the savings statute applies to a lawsuit as a whole, rather than to individual claims asserted therein. Because the statute of limitations on the plaintiff's malpractice claim expired before she filed her second complaint, the court concluded that the plaintiff utilized the savings statute to file her second complaint and could not again utilize the savings statute to file a third complaint. Thus, the court held that a plaintiff may use the savings statute only once, whether or not all claims in the refiled lawsuit require the savings statute.
 {¶ 25} Appellant urges us to reject McGowan and hold that a plaintiff may separately utilize the savings statute to save individual claims subject to different statutes of limitations. We need not decide whether a party's use of the savings statute to save one claim of a multi-claim lawsuit precludes the party's subsequent use of the savings statute to save other claims because, regardless, we conclude that the savings statute is inapplicable to appellant's claims in Boozer III.
 {¶ 26} The savings statute provides that a plaintiff "may commence a new action within one year after" a failure otherwise than upon the merits. R.C. 2305.19. Appellant filed her BoozerIII complaint on July 21, 2004, nine days before the Hamilton County Court of Common Pleas dismissed Boozer II. Thus, appellant did not file her claims in Boozer III within one yearafter her failure otherwise than upon the merits in BoozerII, and the savings statute is accordingly inapplicable.
 {¶ 27} In Hayden v. Ford Motor Co. (N.D.Ohio 1973),364 F.Supp. 398, reversed on other grounds (C.A.6, 1974),497 F.2d 1292, the Northern District of Ohio considered whether R.C.2305.19 saved a plaintiff's action for bodily injuries where the plaintiff previously filed the same claim in the Crawford County Court of Common Pleas. The plaintiff filed suit in the Northern District of Ohio after the statute of limitations expired on her claim and while her common pleas action was pending. The plaintiff subsequently dismissed her common pleas action by notice. Upon the defendant's motion for judgment on the pleadings, the district court held that the applicable statute of limitations barred plaintiff's federal action unless the plaintiff could invoke the Ohio savings statute.
 {¶ 28} Although the Hayden court initially concluded that the plaintiff's common pleas action did not fail otherwise than upon the merits as required by R.C. 2305.19, the court went on to hold that the savings statute was inapplicable even if the plaintiff's claims had failed otherwise than upon the merits in the court of common pleas. The court noted that the plaintiff filed her federal action while her prior action remained pending in the court of common pleas, despite the express requirement in R.C. 2305.19 that a new action must be commenced "within one yearafter" the original action is dismissed. The court held that, "[a]ssuming arguendo that plaintiff did `fail' within the purview of Ohio Revised Code § 2305.19, since she did not file this action within one year `after' the Crawford County lawsuit was dismissed she cannot avail herself of [the savings] statute." Id. at 401.
 {¶ 29} In Hayden, the Northern District of Ohio citedColello v. Bates (1950), 88 Ohio App. 313, as support for its determination that a case refiled prior to a failure otherwise than upon the merits in a prior action does not merit application of the savings statute. In Colello, the Seventh District Court of Appeals, construing former G.C. 11233, the predecessor to R.C.2305.19, stated:
"Under the provisions of Section 11233, General Code, relating to the commencement of actions, in an action commenced, or attempted to be commenced, if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of such action at the date of failure, has expired, the plaintiff may commence a new action within one year after such date." Greulichv. Monnin, 142 Ohio St., 113, 50 N.E. (2d), 310, 149 A.L.R., 477.
Colello at 317-318. There, the court determined that the plaintiff's first action failed otherwise than upon the merits on July 5, 1947, and that the plaintiff, therefore, had one year from that date to commence a second action. The plaintiff filed her second action on April 22, 1947, prior to the failure of her first action. Finding the savings statute inapplicable to the plaintiff's second action, the Seventh District stated: "Plaintiff filed no action in the Court of Common Pleas within a year after her case was dismissed other than upon its merits. Her action filed April 22, 1947, was never refiled." Id. at 318.
 {¶ 30} More recently, the Eighth District Court of Appeals rejected application of the savings statute to a case refiled before the original case failed otherwise than upon the merits. See Carvell v. Kozar (June 22, 1989), Cuyahoga App. No. 55275, jurisdictional motion overruled (1989), 46 Ohio St.3d 707. InCarvell, the plaintiff filed her first complaint (case No. 94369) on July 11, 1985, and filed a second complaint (case No. 94497) alleging the same cause of action the following day. After the court consolidated the plaintiff's two cases, the plaintiff voluntarily dismissed case No. 94369 on May 6, 1986. After the statute of limitations had run on her claim, the plaintiff filed a third complaint (case No. 114551) and a fourth complaint (case No. 127636) regarding the same matter on August 11, 1986, and April 10, 1987, respectively. On August 18, 1987, the plaintiff voluntarily dismissed case No. 94497. The trial court granted summary judgment in favor of the defendants on case Nos. 114551 and 127636.
 {¶ 31} On appeal in Carvell, the Eighth District discussed application of the savings statute to case No. 114551, the plaintiff's third complaint. The court determined that the savings statute was inapplicable to case No. 114551 because, when the plaintiff filed that case, her second complaint remained pending. Because the limitations period expired prior to the plaintiff's filing of case No. 114551, the court concluded that such case was time-barred.
 {¶ 32} Because Boozer II remained pending in the Hamilton County Court of Common Pleas when appellant filed Boozer III in the Court of Claims, we conclude that appellant failed to fileBoozer III within one year after the failure otherwise than upon the merits of her claims in Boozer II. Although courts liberally construe the savings statute, a plaintiff must satisfy the criteria of the statute in order to prevent circumvention of the statute of limitations and unfairness to defendants.Motorists Mut. Ins. Co. v. Huron Rd. Hosp. (1995),73 Ohio St.3d 391, 397. Here, appellant failed to comply with the requirements of the savings statute, and we conclude that the savings statute is inapplicable to appellant's other claims inBoozer III. Therefore, the statute of limitations barred appellant's other claims in Boozer III, and the Court of Claims did not err in granting UC's motion for partial summary judgment. Accordingly, we overrule appellant's assignment of error.
 {¶ 33} Although appellant's assignment of error relates exclusively to applicability of the savings statute to her claims in Boozer III, at oral argument, appellant's counsel alternatively argued that she filed Boozer III within the statute of limitations applicable to her other claims. Appellant's alternative argument directly contradicts her assertion that the savings statute applied to her claims inBoozer III, because the savings statute applies only if the statute of limitations on appellant's claims expired prior to appellant's failure otherwise than upon the merits in BoozerII. However, even were we to agree with appellant that she timely filed her Boozer III claims, appellant's claims have since been finally adjudicated on their merits, and the doctrine of res judicata bars any further action on such claims.
 {¶ 34} Pursuant to Civ.R. 41(A)(1), "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." Similarly, Fed.R.Civ.P. 41(a)(1) states that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." On November 21, 2003, in BoozerI, appellant voluntarily dismissed her claims against UC by notice in the Court of Claims. Having voluntarily dismissed her claims once by notice, a second voluntary dismissal would operate as an adjudication upon the merits. Nevertheless, on June 2, 2005, in Boozer IV, appellant voluntarily dismissed her claims against UC by notice in the Northern District of Ohio. Appellant's second notice of dismissal operates as an adjudication on the merits, pursuant to the two-dismissal rule. Therefore, even if appellant's claims were timely filed inBoozer III, the doctrine of res judicata bars further adjudication of those claims.
 {¶ 35} Although she does not dispute that her dismissal inBoozer IV was a notice of dismissal subject to the two-dismissal rule, appellant argues that the two-dismissal rule does not bar her claims in Boozer III because she filed those claims prior to her dismissal of Boozer IV. Thus, appellant argues that she had only dismissed her claims once before filingBoozer III. We find appellant's argument unpersuasive.
 {¶ 36} "`The doctrine of res judicata may be applied where actions between the same parties in relation to the same subject are pending at the same time, and a judgment is rendered in one of such actions.'" State v. Wise, Clermont App. No. CA2003-12-113, 2004-Ohio-6241, at ¶ 12, quoting 63 Ohio Jurisprudence 3d (2003) 196, Judgments, Section 394. In such a situation, the judgment that first becomes final is a bar in the other action. Id. The fact that the first judgment rendered on a claim occurs in a later-commenced proceeding is immaterial.Westwood Chemical Co., Inc. v. Kulick (C.A.6, 1981),656 F.2d 1224, 1227. Thus, we conclude that appellant's filing of BoozerIII prior to her dismissal of Boozer IV, which operates as an adjudication of her claims upon the merits, does not affect the preclusive effect of the Boozer IV dismissal.
 {¶ 37} Appellant correctly states that UC's argument to the Court of Claims regarding the two-dismissal rule was limited to her defamation claim, which she has not appealed. Having already obtained an interlocutory order of summary judgment on appellant's other claims in Boozer III based on the statute of limitations, UC had no reason to argue that the two-dismissal rule also barred appellant's other claims. However, an appellate court may affirm an entry of summary judgment on any grounds that support the judgment. Tharp v. Berdanier, Summit App. No. CIV.A. 21473, 2003-Ohio-6589, at ¶ 63. At oral argument, UC's counsel argued that the two-dismissal rule applies to all of appellant's claims in Boozer III and not just to her defamation claim. We agree, and we conclude that the adjudication on the merits of appellant's claims, by operation of appellant's voluntary dismissal of Boozer IV, precludes the Court of Claims from rendering any judgment in appellant's favor on her claims inBoozer III. For this additional reason, we find no error in the Court of Claims' entry of summary judgment.
 {¶ 38} For the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
Bryant and Sadler, JJ., concur.
[1] For ease of discussion, we collectively refer to appellant's claims, with the exception of her defamation claim and her § 1983 claims, as appellant's "other claims." Appellant's other claims include her claims for invasion of privacy, negligent supervision, intentional infliction of emotional distress, breach of contract, and negligence.