[Cite as *Canty v. Auto-Owners Mut. Ins. Co.*, 2014-Ohio-2507.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mitchell Canty, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 14AP-46 |
| | | (C.P.C. No. 12CV-7764) |
| Auto-Owners Mutual Insurance Co., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 10, 2014

*Plymale & Dingus LLC*, and *M. Shawn Dingus,* for appellant.

*Smith, Rolfes & Skavdahl Co., L.P.A.*, and *Heather R. Zilka*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Mitchell Canty, appeals from a Franklin County Court of Common Pleas decision granting defendant-appellee, Auto-Owners Mutual Insurance Company's motion for summary judgment. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} Canty presents one assignment of error for our consideration:

> The trial court erred when it found that the Appellant's claims were barred by the doctrine of res judicata as a result of the Appellant's voluntary dismissal of two prior actions involving the same parties.

{¶ 3}  On January 10, 2006, fire damaged Canty's residence at 948 Harmony Court, Gahanna, Ohio.  The property was insured by Auto-Owners Mutual Insurance Company ("Auto-Owners").

{¶ 4}  In 2006, Auto-Owners filed a complaint with the common pleas court requesting the appointment of an umpire in the appraisal process.  Canty filed a counterclaim against Auto-Owners asserting a breach of contract claim, and a claim for bad faith.  After several motions, Canty filed a voluntary notice of dismissal without prejudice in February 2008 pursuant to Civ.R. 41(A).

{¶ 5}  In 2010, Canty filed a suit against Auto-Owners related to the January 2006 fire.  Canty brought claims of bad faith, breach of covenant of good faith and fair dealing, and breach of contract.  Auto-Owners filed a motion for summary judgment on all claims.  Canty did not file a motion in opposition and while the summary judgment was pending, voluntarily dismissed the litigation in November 2011 again pursuant to Civ.R. 41(A).

{¶ 6}  On June 15, 2012, Canty filed another complaint against Auto-Owners, this time for claims of  bad faith and breach of covenant of good faith and fair dealing, breach of contract, deceptive trade practices, promissory estoppel, and unjust enrichment.  Auto-Owners filed a motion for summary judgment arguing that Canty had previously voluntarily dismissed cases twice using Civ.R. 41(A).  Applying the express words of Civ.R. 41(A), his claims were now barred.

{¶ 7}  The trial court granted Auto-Owner's motion for summary judgment ruling that Canty had dismissed his claims under Civ.R. 41(A)(1)(a) on two occasions before.  Both the 2006 suit and the 2010 cases arose from the same nucleus of operative facts involving the January 2006 fire, the policy, and actions of Auto-Owners.  The trial court found that Canty was barred from renewing his claims.

{¶ 8}  Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

> [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation,

and only form the evidence or stipulation, that reasonable minds can come to but one conclusion.

{¶ 9} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party meets its initial burden, the non-moving party must then produce competent evidence showing that there is a genuine issue for trial. *Id.* at 293.

{¶ 10} Civ.R. 56(E) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 11} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 12} De novo review is well established as the standard of review for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard. As such, we must affirm the trial court's judgment if any of the grounds raised by the moving party, at the trial court's level, are found to support it, even if the trial court failed to consider those grounds. *See Dresher; Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 13} The issue in this case is what is commonly referred to as the "double-dismissal rule" which is contained in the last sentence of Civ.R. 41(A)(1):

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

{¶ 14} Unilateral dismissal by notice under Civ.R. 41(A)(1)(a) is available to a plaintiff only once, and a second dismissal by notice acts as an adjudication upon the merits. For the double-dismissal rule to apply, the claimant must twice dismiss by notice pursuant to Civ.R. 41(A)(1)(a). *Boozer v. Univ. of Cincinnati School of Law*, 10th Dist. No. 05AP-1099, 2006-Ohio-2610. A Civ.R. 41(A)(1)(a) dismissal is totally within a plaintiff's control. The double-dismissal rule targets only that type of dismissal; the other two types of Civ.R. 41(A) dismissals do not implicate the double-dismissal rule. *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878. An adjudication upon the merits pursuant to the double-dismissal rule is a bar to a future action under the doctrine of res judicata. *Internatl. Computing and Electronic Eng. Corp. v. State Dept. of Admin. Servs.*, 10th Dist. No. 95API11-1475 (May 9, 1996), citing *Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 226 (1982).

{¶ 15} The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, syllabus.

{¶ 16} For the purpose of res judicata analysis, a "transaction" is defined as a "common nucleus of operative facts." *Grava* at 382, quoting 1 Restatement of the Law 2d, Judgments, Section 24, Comment b (1982). The Supreme Court in *Grava* further explains:

> That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

*Grava* at 382-83, quoting 1 Restatement of the Law, at 200. "That a plaintiff changes the relief sought does not rescue the claim from being barred by res judicata: ' "The rule * * * applies to extinguish a claim by the plaintiff against the defendant *even though the plaintiff is prepared in the second action * * * [t]o seek remedies * * * not demanded* in the first action." ' " *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268 ¶ 27, quoting *Grava* at 383, quoting 1 Restatement of the Law 2d, Judgments, Section 25, at 209 (1982). (Emphasis sic.)

{¶ 17} Examining the facts in this case, we see that Canty voluntarily dismissed both the 2006 and 2010 cases pursuant to Civ.R. 41(A)(1)(a) by unilaterally filing a notice of dismissal fulfilling the first requirement of the double-dismissal rule. (R. 24, 28.)

{¶ 18} The 2006 case, 2010 case and the case at bar all arise out of the same transaction. All three cases have a common nucleus of operative facts: the January 2006 fire occurred at Canty's residents located at 948 Harmony Court, Gahanna, Ohio; the residence was covered by a homeowner's policy issued by Auto-Owners; and Auto-Owners' actions or inactions before and after the fire in dealing with Canty and in responding to Canty's insurance claims for the fire.

{¶ 19} Canty offers no new facts that differentiate the case at bar from the nucleus of operative facts that gave rise to the 2006 and 2010 cases. Canty only brings different claims of deceptive trade practices, promissory estoppel, and unjust enrichment. These differing legal theories do not grant Canty another bite at the apple. A change in the relief sought does not rescue a claim from being barred by res judicata, nor does emphasizing different elements of the facts. *Grava* at 383.

{¶ 20} Canty's sole assignment of error is overruled.

{¶ 21} The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CONNOR and O'GRADY, JJ., concur.

———————————