[Cite as *U.S. Bank Natl. Assn. v. Lavelle*, 2016-Ohio-7783.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104234**

# U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ETC.

PLAINTIFF-APPELLEE

vs.

# MARY L. LAVELLE, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-800578

**BEFORE:** E.T. Gallagher, J., Jones, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 17, 2016

**ATTORNEYS FOR APPELLANTS**

Scott D. White
Frances F. Allington
21300 Lorain Road, Suite 108
Fairview Park, Ohio 44126


**ATTORNEY FOR APPELLEES**

Kimberly Y. Smith Rivera
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640

EILEEN T. GALLAGHER, J.:

{¶1} Defendants-appellants, Mary Lavelle ("Mary") and the estate of Daniel J. Lavelle ("Daniel"), appeal a judgment in foreclosure granted in favor of plaintiff-appellee, U.S. Bank National Association ("U.S. Bank"). Mary raises two assignments of error:

> 1. The trial court erred in finding that the mortgage modification in this case was a new agreement, such that the double dismissal rule of Civ.R. 41(A)(1)(a) did not apply.
>
> 2. The trial court erred in granting appellee summary judgment, as the history of the appellee's three prior cases gives rise to questions of fact.

{¶2} We find no merit to the appeal and affirm.

## I.  Facts and Procedural History

{¶3} In January 2006, Daniel, husband of Mary, executed a promissory note in favor of Ownit Mortgage Solutions, Inc. ("Ownit") in the amount of $199,500. As security for the note, Daniel and Mary executed a mortgage to Ownit for property located on Fairfax Lane, North Olmsted, Ohio. The note was subsequently indorsed to LaSalle Bank National Association ("LaSalle"), as trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series, 2006-3.

{¶4} Daniel defaulted on the note. Consequently, LaSalle Bank accelerated the debt and brought a foreclosure action against Mary and Daniel, alleging an outstanding principal balance in the amount of $198,722.20, plus interest at a rate of 8.25 percent per annum from August 1, 2006. While the complaint was pending, Daniel and LaSalle

entered into a loan modification agreement that amended the note by agreeing to a new principal amount of $224,052.95 and a reduced interest rate of eight percent per annum. Having reached a loan modification agreement, LaSalle Bank voluntarily dismissed its foreclosure complaint without prejudice pursuant to Civ.R. 41(A)(1). The loan modification was recorded in the Cuyahoga County public records as Instrument No. 200809040243.

{¶5} In April 2008, MERS, as nominee for Ownit, executed an assignment of the mortgage to LaSalle Bank. Daniel subsequently passed away, and LaSalle Bank later filed a second complaint in foreclosure alleging that Daniel defaulted on terms of the loan modification agreement with an outstanding principal sum of $223,705.87, plus interest at a rate of eight percent per annum from November 1, 2007. LaSalle voluntarily dismissed its complaint without prejudice pursuant to Civ.R. 41(A)(1).

{¶6} U.S. Bank became holder of the note by virtue of an allonge dated May 31, 2012. As previously stated, the note was specially indorsed to LaSalle Bank, as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-3. The note was later indorsed to U.S. Bank National Association as successor trustee to Bank of America, National Association by merger to LaSalle Bank National Association.

{¶7} U.S. Bank filed this third action against Mary and Daniel's estate in January 2013, once again alleging default in the principal sum of $223,705.87, plus interest at eight percent per annum from November 1, 2007. Mary filed a motion for summary

judgment, arguing U.S. Bank's claims were barred by the "double dismissal" rule set forth in Civ.R. 41(A)(1). U.S. Bank subsequently filed its own motion for summary judgment, arguing it was entitled to judgment on its complaint because (1) it was the holder of the note, (2) it was the assignee of the mortgage, and (3) Daniel was in default. Mary opposed U.S. Bank's motion, again arguing that its foreclosure complaint was barred by the double dismissal rule. Mary never challenged the validity of the parties' modification agreement.

{¶8} The trial court denied Mary's motion for summary judgment but granted U.S. Bank's motion and rendered a judgment in foreclosure in favor of U.S. Bank. Mary appealed the denial of her motion for summary judgment and the order of foreclosure in favor of U.S. Bank. This court reversed the trial court's judgment on the grounds that U.S. Bank submitted two inconsistent notes. *See U.S. Bank v. Lavelle*, 8th Dist. Cuyahoga No. 101729, 2015-Ohio-1307.

{¶9} On remand, U.S. Bank filed a second motion for summary judgment and provided an explanation for the apparently inconsistent notes. U.S. Bank showed that some writings were made on a copy of the note but not on the original note. U.S. Bank also demonstrated that it was in possession of the original note at the time it filed its complaint. Based on this evidence, the trial court granted U.S. Bank's motion for summary judgment. Mary now appeals the order granting foreclosure to U.S. Bank.

## II.  Law and Analysis

{¶10} In the first assignment of error, Mary argues the trial court erred in finding that the mortgage modification was a new agreement such that the double dismissal rule of Civ.R. 41(A)(1) did not apply. In the second assignment of error, Mary argues the trial court erred in granting U.S. Bank's motion for summary judgment because the history of three prior cases raises genuine issues of material fact. We discuss these assigned errors together because they both relate to whether the double dismissal rule precluded a judgment in foreclosure in favor of U.S. Bank.

## A. Standard of Review

{¶11} We review an appeal from summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential element of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E). Summary judgment is appropriate when, after construing the evidence in a light most favorable to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

## B. Double dismissal Rule

**{¶12}** Mary argues U.S. Bank's claims against her are barred by the double dismissal rule set forth in Civ.R. 41(A)(1). Civ.R. 41(A)(1) allows a party to voluntarily dismiss its complaint. The rule further provides that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." In other words, a second voluntary dismissal of a complaint operates "with prejudice."

**{¶13}** However, the double dismissal rule does not bar a third claim if the third claim is different from the dismissed claims. *Deutsche Bank Natl. Trust Co. v. Smith*, 1st Dist. Hamilton No. C-140514, 2015-Ohio-2961, citing *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987, ¶ 33 ("Civ.R. 41(A) would not apply to bar a third claim if the third claim were different from the dismissed claims."); *see also Canty v. Auto-Owners Mut. Ins. Co.*, 10th Dist. Franklin No. 14AP-46, 2014-Ohio-2507. In *Smith*, the court held that because the mortgagor cured the default, a claim based on a subsequent default was different from the previously dismissed claims, and the double dismissal rule was inapplicable. *Id*. at ¶ 14.

**{¶14}** In this case, the parties reached an agreement that modified the terms of the note on which the first complaint was based. Both the principal amount of the loan and the interest rate were modified. Indeed, there are different default dates between the first and second actions. Thus, the second and third complaints were based on a default of the modified terms of the note while the first complaint was based on a default on the original

terms of the note. Mary never challenged the validity of the loan modification agreement. Thus, because the dismissal of the second complaint constituted the first dismissal on the new claim, it did not operate as an adjudication on the merits, and the third complaint was not barred by the double dismissal rule. Accordingly, the trial court properly concluded that U.S. Bank's foreclosure claim was not barred by or under the doctrine of res judicata.

{¶15} The first and second assignments of error are overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
SEAN C. GALLAGHER, J., CONCUR