[Cite as *Williams v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-1474.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Brandon Williams, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 24AP-611 |
| | | (Ct. of Cl. No. 2024-00505JD) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on April 24, 2025

**On brief:** *Perry Davis, Jr., Co. LPA,* and *Perry Davis, Jr.,* for appellant.

**On brief:** *Dave Yost,* Attorney General, *Timothy M. Miller,* and *Maggie Shaver,* for appellee. **Argued:** *Timothy M. Miller.*

APPEAL from the Court of Claims of Ohio

JAMISON, P.J.

{¶ 1} Plaintiff-appellant, Brandon Williams, appeals a judgment of the Court of Claims of Ohio that dismissed his action against defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Williams is an inmate in ODRC's custody and control. On June 14, 2024, Williams filed suit against ODRC, asserting a claim for negligence. In his complaint, Williams alleged that on July 11, 2022, three correctional officers transported him from the

Toledo Correctional Institution to the Southern Ohio Correctional Facility. According to Williams, one of the correctional officers physically attacked him during the trip, causing him severe injury. The correctional officers then verbally ridiculed him and wiped away his blood in an attempt to conceal his wounds.

{¶ 3} ODRC responded to Williams' complaint with a motion to dismiss pursuant to Civ.R. 12(B)(6). ODRC pointed out that Williams had filed an earlier complaint against ODRC in the Court of Claims based on the same facts. On July 1, 2024, the Court of Claims had granted ODRC summary judgment in that first action, holding that Williams' action was barred by the one-year statute of limitations applicable to claims for assault and battery. In the motion to dismiss filed in the instant action, ODRC argued that the doctrine of res judicata, and more specifically, claim preclusion, prevented Williams from pursuing a second action.

{¶ 4} In his response to ODRC's motion to dismiss, Williams acknowledged that he had "previously filed an action regarding the assault that caused his injuries." (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss at 2.) Williams argued, however, that the Court of Claims could consider his negligence action because he did not assert a claim for negligence in his first complaint.

{¶ 5} In its September 11, 2024 entry of dismissal, the Court of Claims considered the four elements that must be met for claim preclusion to apply: (1) a prior final, valid judgment on the merits, (2) a second action involving the same parties, or their privies, as the first, (3) a second action raising claims that were or could have been raised in the first action, and (4) a second action arising out of the same transaction or occurrence that was the subject matter of the first action. *See AJZ's Hauling*, *L.L.C. v. TruNorth Warranty Programs*, 2023-Ohio-3097, ¶ 16. Because the Court of Claims found all four elements were met, it determined Williams' second action was barred by claim preclusion. Therefore, the Court of Claims granted ODRC's motion to dismiss.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Williams now appeals the Court of Claims' September 11, 2024 judgment and assigns the following errors:

> [1.] The Trial Court's decision to apply a one-year statute of limitation for a negligence case where [Appellant] suffered personal injuries due to the [Appellee's] officers that caused the

injury while on duty and performing acts that were within the scope of the job.

[2.] The Trial Court's decision to dismiss the complaint for res judicata when the initial complaint was regarding the personal injury of the [Appellant] caused by the acts of [Appellee's] employees that caused the injury while on duty and performing acts that were within the scope of the job.

## III. STANDARD OF REVIEW

{¶ 7} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. In construing a complaint on a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 2007-Ohio-3608, ¶ 14. To grant the motion, the court must conclude that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to the relief sought. *Alford v. Collins-McGregor Operating Co.*, 2018-Ohio-8, ¶ 10. Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

{¶ 8} Additionally, application of the doctrine of res judicata to a particular issue is a question of law. *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 21. An appellate court, consequently, reviews that question de novo. *AJZ's Hauling, L.L.C.*, 2023-Ohio-3097, at ¶ 16.

## IV. LEGAL ANALYSIS

{¶ 9} By his first assignment of error, Williams contends that the Court of Claims erred in applying a one-year statute of limitations to his claim for negligence. Williams claims that the applicable statute of limitations for negligence is two years. Williams argues that the Court of Claims should have addressed whether his complaint sufficiently pled the elements of negligence because he did not assert a negligence claim in his first action. According to Williams, we should reverse the Court of Claims' judgment because he asserted a claim for negligence within the two-year statute of limitations.

{¶ 10} Tellingly, Williams does not contest the Court of Claims' conclusion that claim preclusion bars his second action, nor could he. A trial court judgment granting

summary judgment based on the expiration of the statute of limitations is a final judgment. *Mims v. Univ. of Toledo Med. Ctr.*, 2017-Ohio-8979, ¶ 12 (10th Dist.). Additionally, before the Court of Claims, Williams acknowledged that his first action against ODRC alleged claims based on the same occurrence as the second action.

{¶ 11} "Claim preclusion makes ' "an existing final judgment or decree between the parties to litigation . . . conclusive as to all claims which were or *might have been litigated in a first lawsuit.*" ' " (Emphasis added.) *Lycan* at ¶ 22, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990), quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986). Thus, "[w]here a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6. Claim preclusion forces a plaintiff to present every ground for relief in the first action or be forever barred from asserting it. *Natl. Amusements, Inc.* at 62; *accord Aaron v. Supreme Court*, 2024-Ohio-5616, ¶ 17 (10th Dist.) (because the plaintiffs could have raised their claim for negligence in their initial complaint, claim preclusion barred their subsequent action, which included a negligence claim).

{¶ 12} In this case, nothing prevented Williams from asserting a negligence claim in his first action. Because claim preclusion applies, the final judgment in the first action now bars all claims based on the same facts, including Williams' negligence claim. The Court of Claims, therefore, did not err in not considering whether Williams sufficiently pled a claim for negligence or whether that negligence claim was timely. Those issues are irrelevant because claim preclusion prohibited Williams from pursuing a negligence claim (or any other claim) in his second action.

{¶ 13} Moreover, we note that claim preclusion applies in this case even though Williams filed the complaint in his second action prior to the entry of the final judgment in the first action. A plaintiff cannot attempt to escape the doctrine of claim preclusion by filing a second, factually identical action once the plaintiff perceives the first action could end in judgment against the plaintiff. " 'The doctrine of res judicata may be applied where actions between the same parties in relation to the same subject are pending at the same time, and a judgment is rendered in one of such actions.' " *Boozer v. Univ. of Cincinnati School of Law*, 2006-Ohio-2610, ¶ 36 (10th Dist.), quoting *State v. Wise*, 2004-Ohio-6241, ¶ 12 (12th Dist.). "In such a situation, the judgment that first becomes final is a bar in the

other action." *Id.* Thus, the judgment granting ODRC summary judgment in the first action, although issued after Williams filed his second complaint, barred Williams' second action.

{¶ 14} Secondarily, Williams argues that, even if his claim is construed as one for intentional tort, a two-year statute of limitation applies. Williams should have raised this argument in an appeal taken from the summary judgment ruling in his first action. The Court of Claims resolved Williams' first action by granting summary judgment in ODRC's favor based on the lapse of the statute of limitations. In this action, the Court of Claims granted ODRC a dismissal based on claim preclusion. Consequently, Williams' statute-of-limitations argument is inapplicable to this appeal. Quite simply, Williams' argument cannot affect the validity of the judgment currently under review.

{¶ 15} In sum, we reject both of the arguments Williams asserts by his first assignment of error. Accordingly, we overrule Williams' first assignment of error.

{¶ 16} We are uncertain how to interpret Williams' second assignment of error because it alleges no error. Moreover, Williams does not provide any argument in support of his second assignment of error as required by App.R. 16(A)(7). If an appellant fails to separately argue an assignment of error in the brief, as required by App.R. 16(A)(7), a court of appeals may disregard that assignment of error. App.R. 12(A)(2). Because Williams does not argue his second assignment of error, we will disregard it. *See Hillman v. Watkins*, 2023-Ohio-2594, ¶ 44-45 (10th Dist.) (overruling an assignment of error because the appellant offered no argument in support of it, thus violating App.R. 16(A)(7)); *Nelson v. State Farm Fire & Cas. Co.*, 2023-Ohio-1982, ¶ 32 (10th Dist.) (disregarding multiple assignments of error not separately argued in an appellant's brief). Accordingly, we overrule Williams' second assignment of error.

## V. CONCLUSION

{¶ 17} For the foregoing reasons, we overrule Williams' two assignments of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

EDELSTEIN and DINGUS, JJ., concur.

_____